UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ALICIA FINDLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-CV-126 NAB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Alicia Findley's application for disability insurance benefits and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. §§ 416, 423 *et seq.* Findley alleged disability due to high blood pressure, bulging discs in the spine, arthritis, scoliosis, degenerative disc in her neck, depression, anxiety, gastroesophageal reflux disease (GERD), hiatal hernia, and rotator cuff tendinosis in the left shoulder. (Tr. 216.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 7.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcripts and the medical evidence. The Court heard oral argument in this matter on August 18, 2016. For the reasons set forth below, the Court will affirm the Commissioner's final decision.

**I. Issues for Review**

Findley presents one issue for review. She contends that the administrative law judge (ALJ) erred in determining her residual functional capacity (RFC), because the ALJ failed to

address her depression separately from her anxiety, failed to find that anxiety and depression were severe impairments, and improperly evaluated the medical opinion evidence. The Commissioner contends that the RFC is supported by substantial evidence in the record as a whole and the ALJ's decision should be affirmed.

## II. Standard of Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

**III.   Discussion**

   **A.   Residual Functional Capacity Determination**

Findley contends that the ALJ's RFC determination was not supported by substantial evidence because he erred in evaluating whether her mental impairments were severe impairments and in evaluating the medical opinion evidence.

The ALJ found that Findley had the following severe impairments: degenerative disc disease of the lumbar and cervical regions of the spine, mild scoliosis, and tendonitis of her left shoulder. (Tr. 20.) The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ determined that Findley had the RFC to perform light work that only requires occasionally reaching overhead with her left arm. (Tr. 22.) Light work is defined as work that involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). Jobs

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

3

considered light work require a good deal of walking or standing or if it involves sitting most of the time with some pushing and pulling of arm or leg controls. *Id.*

It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. §§ 404.1527(b), 416.927(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009).

### 1. Severity of Mental Impairments

After the ALJ has determined that a claimant is not engaged in substantial gainful activity, the ALJ then determines whether the claimant has a severe impairment or combination of impairments that has or is expected to last twelve months or will result in death. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(i)-(ii), 416.909, 416.920(a)(4)(i-ii). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908. To be considered severe, an impairment must *significantly* limit a claimant's ability to do basic work activities. *See* 20 C.F.R §§ 404.1520(c), 416.920(c). "Step two [of the five-step] evaluation states that a claimant is not disabled if his impairments are not 'severe.'" *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Simmons v. Massanari,* 264 F.3d 751, 754 (8th

Cir. 2001). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* at 707. "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue,* 484 F.3d 1040, 1043). "It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Kirby*, 500 F.3d at 707 (citing *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000)). "Severity is not an onerous requirement for the claimant to meet, . . . but it is also not a toothless standard." *Kirby*, 500 F.3d at 708.

In evaluating the severity of mental impairments, the Social Security Administration uses a special technique. 20 C.F.R. §§ 404.1520a, 416.920a. The special technique analysis requires (1) determination of whether claimant has a medically determinable impairment, (2) identification of the symptoms, signs, and laboratory findings that substantiate the presence of the impairment, and then (3) rating the degree of functional limitation resulting from the impairment. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). After the degree of functional limitation from the impairment is rated, the severity of the mental impairment is determined. 20 C.F.R. §§ 404.1520a(d), 416.920a(d).

In this case, Findley alleges that the ALJ should have found that her anxiety and depression were severe impairments. The ALJ's decision only mentions that he found her anxiety disorder to be non-severe. The Commissioner responds that although Findley was diagnosed with depression, progress notes from her mental health treatment indicate that her symptoms of depression and anxiety were treated together and interrelated; therefore, if the ALJ erred in failing to separately discuss her depression symptoms, it was a harmless error.

Based on a careful review of the administrative record and the ALJ's decision, the Court finds that the ALJ did not err in finding that Findley did not have any severe mental impairments. The medical record does not support that her mental impairments significantly limit her ability to do basic work activities. Even if the ALJ should have specifically mentioned anxiety and depression as separate mental impairments, the record does not support a finding that these impairments were severe. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (to show that an error was not harmless, a claimant must provide some indication that the ALJ would have decided the case differently if the error had not occurred). Her mental status examinations were substantially normal and she responded well to her medication. Further, her activities of daily living indicate that her mental impairments were not severe as Findley alleged. Finally, the evidence failed to support including limitations regarding her mental impairments in the RFC. Therefore, the Court finds that the ALJ did not err in the evaluation regarding the severity of her mental impairments.

## 2. Medical Opinion Evidence

Next, Findley contends that the ALJ erred in his evaluation of the medical opinions in the record. All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's

opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

Findley asserts that the ALJ should have given less weight to Dr. Scott Brandhorst's opinion and more weight to the opinions of nurse practitioner Kathleen Lasar and Dr. Navid Siddiqui.

### a. Dr. Scott Brandhorst

"Administrative law judges are not bound by any findings made by State agency medical or psychological consultants or other program physicians or psychologists." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). "State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). "Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence," except for the determination of disability. 20 C.F.R. §§ 404.1512(b)(8), 404.1527(e)(2)(i), 416.912(b)(1)(viii), 416.927(e)(2)(i). Their opinions are evaluated under the standards outlined in 20 C.F.R. §§ 404.1527(c), 416.927(c).

Opinions of non-examining sources are generally given less weight than those of examining sources. *Wildman v. Astrue*, 596 F.3d 959, 967 (8th Cir. 2010). When evaluating the non-examining sources opinion, the ALJ should evaluate the degree to which the opinion considers all of the pertinent evidence in the claim, including the opinions of treating and other examining sources. *Wildman*, 596 F.3d at 967. "The opinions of non-treating practitioners who have attempted to evaluate the claimant without examination do not normally constitute substantial evidence on the record as a whole." *Shontos v. Barnhart*, 328 F.3d 418, 427 (8th Cir. 2003).

In this case, the ALJ gave considerable weight to the consultative psychologist Scott Brandhorst, who reviewed Findley's medical records. (Tr. 24.) The ALJ gave the opinion considerable weight because, Dr. Brandhorst was familiar with the disability determination process and regulations, as a psychologist, he had specialized training and expertise, his opinion was based on a comprehensive view of the record, and his opinion was accompanied by a detailed narrative. (Tr. 24.) Findley asserts that the ALJ should have given this opinion less weight, because most of her medical treatment for her mental impairments occurred after his evaluation, which was made on September 18, 2012. The Court agrees that Dr. Brandhorst's evaluation was not as comprehensive as the ALJ stated in his opinion. But, an evaluation of Dr. Brandhorst's opinion with all of the medical evidence, before and after his evaluation, supports Dr. Brandhorst's and the ALJ's ultimate conclusion that Findley does not suffer from a severe mental impairment. Therefore, there was no error in granting considerable weight to Dr. Brandhorst's opinion.

### b. Kathleen Lasar, Nurse Practitioner

Although not addressed at oral argument, Findley contends in her brief that the ALJ erred in affording little weight to treating source Kathleen Lasar, a board certified nurse practitioner.

> Social Security separates information sources into two main groups: *acceptable medical sources* and *other sources.* It then divides *other sources* into two groups: *medical sources* and *non-medical sources.* Acceptable medical sources include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists. According to Social Security regulations, there are three major distinctions between acceptable medical sources and the others: (1) Only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment, (2) only acceptable medical sources can provide medical opinions, and (3) only acceptable medical sources can be considered treating sources,

*Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (emphasis in original) (internal citations omitted). Medical sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists." 20 C.F.R. §§ 404.1513(d)(1), 416.913(d). "Information from these other sources cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose." SSR 06-03P, 2006 WL 2329939. "[I]nformation from such other sources, [however], may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function. *Id.*; 20 C.F.R. §§ 404.1513(d), 416.913(d).

The ALJ stated that Ms. Lasar's opinion was given little weight, because she is not an acceptable medical source and her opinion that Findley had a variety of moderate and marked limitations were inconsistent with her treatment notes. (Tr. 25.) The Court agrees. Although the

ALJ is required to consider Ms. Lasar's opinion, she provided no support for the significant limitations contained in her Mental Medical Source Statement, which found no support in the treatment notes. (Tr. 548-49.) The ALJ adequately explained how the record did not support Ms. Lasar's opinion with citations to the record. Therefore, the ALJ did not err in granting little weight to this opinion.

      **c.**      **Dr. Navid Siddiqui**

Findley also argued that the ALJ erred in granting little weight to the Medical Source Statements of treating physician Dr. Navid Siddiqui. (Tr. 25.) The ALJ gave Dr. Siddiqui's opinion little weight, because the limitations in his opinion were not supported by evidence in the record and were presented in a conclusory format. (Tr. 25.) The Court finds no error in the ALJ's assessment of Dr. Siddiqui's opinion. Dr. Siddiqui's limitations regarding the physical strength factors, some of the postural and manipulative factors, and environmental factors were much more substantial than demonstrated by the medical evidence and Findley's activities of daily living. Therefore, the Court finds that the ALJ's RFC determination was supported by substantial evidence in the record as a whole.

**IV.**    **Conclusion**

A review of the record as a whole demonstrates that Findley had some restrictions in her functioning and ability to perform work related activities during the relevant time period, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the Commissioner's decision will be affirmed.

      Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 12, 18.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 18th day of August, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE